**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 24-105** |
| **V.** | * | **SECTION: "D"** |
| **TIMARA LAWRENCE** | * | |

**UNOPPOSED MOTION TO CONTINUE**
**ARRAIGNMENT**

COMES NOW Rachel M. Yazbeck, the attorney of record for Defendant in the above styled and numbered cause and moves to continue the arraignment, and represents as follows:

1.

The defendant, **TIMARA LAWRENCE,** is set for arraignment on May 21, 2025, before this Court.

2.

The defendant is scheduled to work on May 21, 2025, and is unable to request time off due to fear of losing her job. Furthermore, counsel for defendant will be out of the country from May 24 – June 5, 2025.

3.

Subsection (c)(1) of Title 18, United States Code, Section 3161 (the Speedy Trial Act) provides that a trial shall begin within seventy (70) days of the date a defendant has first appeared before a judicial officer in the district in which such charge is pending. The Speedy Trial Act also provides that any period of delay resulting from a continuance granted by as judge: (1) on his own motion; (2) at the request of a defendant or his counsel; or (3) at the request of the attorney for the government shall be excluded in computing the time within which the trial of any such offense

must begin if the judge granted such continuance on the basis of findings that the ends of justice served by taking such action would outweigh the best interest of the public and a defendant in a speedy trial. Title 18, United States Code, Section 3161(h)(7)(B) sets out a list of factors which the court shall consider in determining whether to grant the continuance based on the ends of justice. One factor is whether the failure to grant a request for continuance would result in a miscarriage of justice. Section 3161(h)(7)(B)(i). Another factor is whether the failure to grant such a continuance would deny the counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

4.

Here, the granting of a motion to continue is proper under multiple subsections of Section 3161.

5.

The undersigned counsel and the Assistant U.S. Attorney have conferred and the government has no opposition to the continuance.

6.

The best interest of justice would be served by the continuance of this arraignment. The interests so served would outweigh the interests of the defendant and the public in a speedy trial.

**WHEREFORE,** undersigned counsel prays that the arraignment scheduled for May 21, 2025, be continued until a later date and time convenient to this Court.

Respectfully submitted,

/s/ Rachel M. Yazbeck
RACHEL M. YAZBECK (BAR #31371)
ATTORNEY FOR TIMARA LAWRENCE
816 N. Columbia St.
Covington, LA 70433
Telephone: (985) 888-1694
Email: rachel@syalegal.com

CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notice of electronic filing to all counsels of record.

/s/Rachel M. Yazbeck
RACHEL M. YAZBECK