UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 24-105 |
| | * | |
| v. | * | |
| | * | |
| RYAN J. HARRIS | * | SECTION "D" (1) |
|     a/k/a "Red" | * | (Counts 1 through 8) |
| SEAN D. ALFORTISH | * | |
| VANESSA MOTTA | * | |
| MOTTA LAW, LLC. | * | |
| JASON F. GILES AND | * | |
| THE KING FIRM, LLC | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

<u>REPLY MEMORANDUM IN RESPONSE TO THE GOVERNMENT'S MOTION TO
PRECLUDE DEFENDANTS', THE KING FIRM AND JASON GILES,
PARTICIPATION IN THE EVIDENTIARY HEARING CONCERNING THE
FORFEITURE BY WRONGDOING</u>

In its Memorandum in Support, the Government argues that Jason Giles and the King

Firm "have no stake in the hearing outcome, because the Government does not intend to seek

admission of the statement against them <u>under the Forfeiture By Wrongdoing Exception</u>. To the

contrary, the Government admits it believes that Harris is a co-conspirator with the moving

Defendants, Giles and the King Firm. The Government's brief admits that:

> <u>Harris's factual basis also implicates Giles and the King Firm in the
> staged accident scheme</u>, stating that 'passengers in Harris and
> Garrison staged accidents were <u>directed to Jason Giles and the
> King firm</u> and among other attorneys, Giles and the King firm paid
> Garrison. They were aware of passengers Harris and Garrison
> directed to them.[1]  [Emphasis added]

The Government seeks to admit, against Giles and the King Firm, hearsay statements by

Garrison made to Harris (and/or other co-conspirators) in furtherance of the conspiracy but under

different hearsay rules (i.e., the co-conspirator hearsay under Federal rule 801(D)(2)(e). How can

---

[1] See Governments Motion to Limit (Rec. Doc 446-1, p. 2) and Harris's Factual Basis (Rec. Doc. 187, p. 2)

it be said that the moving defendants have "no stake in the hearing" as Harris will be a witness at trial, providing evidence against the moving Defendants.

### Multiple Conspiracies Are Alleged in the Indictment

The Second sSuperseding Indictment against all defendants alleges a massive 15-year conspiracy involving dozens and dozens of individuals, all of whom the Government alleges are co-conspirators.  In fact, a reading of the Indictment reflects that there are multiple conspiracies charged in that Indictment.  That indictment itself divides staged accident schemes into two different conspiracies: (1) Giles and the King Firm as co-conspirators involving LeBeaud and Hickman, and,  (2) Alfortish and Motta, another unrelated conspiracy involving Harris/Garrison. Recently, the Government's presentation of the facts to the court attempts to merge the two conspiracies into one, in order to lower the evidentiary threshold needed to establish the statements were made in furtherance of "the conspiracy."  In fact, the Government cited to the separate conspiracies when it objected to various severance motions by those respective defendants. A third unrelated conspiracy is the murder of Garrison, which the Court has now required the Government to recognize as separate and apart from the "stage accident" charges against the remaining defendants.[2]

> **Commented [A1]:** Are we talking about the last superseding indictment? Let's be more precise here.

### There is no evidence that Ryan Harris conspired with Jason Giles or members of the King Law Firm, and therefore any "hearsay from Garrison" is not part of a conspiracy involving Jason Giles, the King firm, and Harris.

It is the Defendants' contention that there is a total void of evidence linking Harris to a conspiracy with Jason Giles and/or the members of the King Law Firm. Harris has never been present in the office, never had any communication with the Firm (through phones, text messages and/or letters) or any financial transaction whatsoever.

---

[2] Likewise, there is a fourth conspiracy involving Mr. Keating, starting in 2017 as LeBeaud and Hickman abandoned the King Firm as the "slammers" and began utilizing attorney Keating for 31 illegal staged tractor-trailer accidents. See U.S. v. Keating (Factual basis, Doc. 26, p. 2).

In fact, a review of every reference to Harris in the Second Superseding Indictment, is devoid of any reference to Jason Giles and the King Firm:

1. Count ONE Paragraphs:

11. **Harris** was a slammer who ... staged collisions for **ALFORTISH, MOTTA**, and **MOTTA LAW...**

23. Beginning at a time unknown and continuing to in or around 2017, **Harris** worked with Garrison to learn how to be a slammer, Eventually, **Harris** stopped working with Garrison and began staging collisions with other individuals...

24. **Harris** staged collisions and directed passengers to **ALFORTISH, MOTTA**, and **MOTTA LAW** for representation in fraudulent lawsuits…

25. **ALFORTISH**, **MOTTA**, and **MOTTA LAW** paid **Harris**, Garrison, and other slammers via cash and checks for bringing them staged collisions.  To conceal the true nature of the payments to **Harris** and Garrison, that is, remuneration for the staged collisions…

26. From approximately 2015 through approximately 2022, **Harris**, Garrison and others staged collisions for **ALFORTISH**, **MOTTA**, and **MOTTA LAW…** and other attorneys...

26 (c). On or about January 10, 2017, **Harris**, **PARKER**, and others staged a collision involving a Dodge Challenger…**Harris**, **PARKER** and others conspired to file a fraudulent insurance claim...

26 (e). On or about April 24, 2017, Harris, Garrison and others staged a collision involving a tractor-trailer and a Nissan Sentra. **ALFORTISH**, **MOTTA**, and **MOTTA LAW, Harris…**and others conspired to file a fraudulent lawsuit...

26(g). On or about November 13, 2017, **Harris** and others staged a collision involving a Chevrolet Impala.  **ALFORTISH**, **MOTTA**, and **MOTTA LAW, Harris**, and others conspired to file a fraudulent lawsuit...

26 (h). On or about August 27, 2020, **Harris**, **LAWRENCE**, and other staged a collision involving a Buick Envision … **Harris**, **LAWRENCE**, and others conspired to file and pursue a fraudulent insurance claim based on the staged collision...

26 (i). On or about September 21, 2021, **Harris** and others staged a collision involving a Mercedes-Benz GLB 250 …

26 (j). On or about December 22, 2021, **Harris**, **PARKER** and others staged a collision involving a Genesis G80. **ALFORTISH**, **MOTTA**, **MOTTA LAW**, **PARKER**, **Harris**, and others conspired to file a fraudulent insurance claim...

26 (k). On or about May 1, 2022, **Harris** and others staged a collision involving an Infiniti Q60...

Thus, the Second Superseding Indictment does not contain any paragraphs which link Harris to Jason Giles or the King Firm. While it is alleged that Harris is a "Slammer" for Alfortish, Motta and Motta Law, no such allegation exists with regard to Jason Giles or the King Law Firm. In fact, the Indictment states that Harris "stopped working with Garrison in 2017." The mere fact that witness Harris allegedly "heard" a reference to Jason Giles and the King Law Firm does not mean any such statement is in "furtherance" of the conspiracy.

The Second Superseding Indictment cites 11 specific instances involving Harris staging collisions which resulted in false lawsuits or claims. But Jason Giles and the King Firm were not referenced in these portions of the indictment, which for the most part reference Alfortish, Motta and the Motta Law Firm. The source of the Harris hearsay is from Mr. Garrison, who is now deceased and there are no verbatim transcripts of testimony. Yet, the Government with no evidence of direct communications, financial transactions, or other connections between Harris and the moving Defendants, seek to present such hearsay evidence against the moving Defendants.

**Not a Fishing Expedition.**

The Government points to the Court's comment that "the questioning of Harris should not devolve into a pretrial fishing expedition into facts unrelated to the Forfeiture By Wrongdoing," to support their arguments. Moving Defendants do not plan to engage in a "fishing expedition," Meanwhile, the Government suggests to this Court that counsel should remain seated and be silent as evidence that will be presented at trial is elicited from the witness[3] in a court proceeding against their client.

The Government cannot, on one hand, seek the admissibility of co-conspirator hearsay under various theories of admissibility. At the same time, request that a limited evidentiary hearing be held, barring attorneys for Defendants who are at risk of being deemed co-conspirators, without the ability to cross-examine, and worst of all, without an opportunity to confront an accuser.

Respectfully Submitted,                    Respectfully Submitted,

*/s/  Richard T. Simmons, Jr.*              */s/  Lynda Van Davis-Greenstone*
**RICHARD T. SIMMONS, JR. (#12089)**        **LYNDA VAN DAVIS-GREENSTONE (#24776)**
**Hailey, McNamara, LLP**                   **Tulane & Broad and Associates, LLC**
3445 North Causeway Blvd., Ste. 800         611 O'Keefe Avenue, Suite C-1
Metairie, Louisiana 70002                   New Orleans, Louisiana 70113
Telephone: (504) 261-6516                   (703) 488-0693
Facsimile: (504) 836-6565                   Lynda@TulaneBroad.com
Email:  rsimmons@hmhlp.com                  *Counsel for Defendant, Jason Giles*
*Counsel for Defendant, The King Firm, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing was filed with the United States District Court for the Eastern District of Louisiana by electronic case filing/case management and that a copy of the same was either served on all counsel of record by electronic notification or by U.S. Mail, postage pre-paid.

Metairie, Louisiana this 4th day of November 2025.

 _/s/ RICHARD T. SIMMONS, JR_
**RICHARD T. SIMMONS, JR.**

