UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 24-105 |
| RYAN J. HARRIS, ET AL. | SECTION: D (1)<br>This Order applies to<br>Timara Lawrence |

### ORDER AND REASONS

Before the Court is a Motion to Withdraw and Appoint New Counsel, filed by counsel for defendant, Timara N. Lawrence.[1] Counsel advises that, "[s]he has a very large case load in state court spread out over multiple different parishes," and that, "[d]ue to her large caseload she cannot dedicate enough time and resources to reasonably provide a compelling defense on such a complex case."[2]

Counsel was appointed to represent the defendant in this matter as a member of the Criminal Justice Act ("CJA") panel on January 8, 2025.[3] The United States District Court for the Eastern District of Louisiana's Revised Plan of April, 2024 for Furnishing Representation Pursuant to the Criminal Justice Act of 1964 (18 U.S.C. § 3006A) provides that:

> Once counsel is appointed under the CJA, counsel shall continue the representation, including pursuing an appeal, or review on certiorari, until one of the following occurs: (1) the matter is concluded; (2) substitute counsel enrolls as counsel of record; (3) an order permitting

---

[1] R. Doc. 602.
[2] *Id.* at p. 1.
[3] R. Doc. 166.

the client to proceed *pro se* has been entered; or (4) a court order is entered terminating the appointment as counsel.[4]

None of those things have occurred.

Generally, "attorneys may not withdraw as counsel of record until certain requirements are satisfied".[5] Ultimately, the determination of whether these requirements are met is "a matter entrusted to the sound discretion of the [trial] court."[6] Even if "good cause for withdrawal exists, it is 'incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel'"[7] Appropriate factors to consider include:

> (1) the extent to which the attorney's withdrawal will delay or disrupt the case; (2) the length of time for which the case and any dispositive motions have been pending; (3) the time it would take—and the financial burden it would impose on—the client to find new counsel; (4) the financial burden the attorney would suffer if not allowed to withdraw; (5) prejudice to the other parties; and (6) whether withdrawal will harm the administration of justice.[8]

This case has been pending for well over one year.[9] To say that this has been a complex case since the original indictment is an understatement. In accepting the CJA appointment, counsel was aware of the complexity of the case. Counsel was appointed January 8, 2025.[10] The Court acknowledges that, since that time, there

---

[4] A copy of the Revised Plan of April, 2024 can be found on the United States District Court for the Eastern District of Louisiana's website: https://perma.cc/LPT6-YDYQ.

[5] *Edwards v. Oliver*, No. 3:17-CV-1208-M-BT, 2022 WL 4820147, at *1 (N.D. Tex. Sept. 30, 2022) (Rutherford, M.J.) (citing *Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989)).

[6] *Matter of Wynn*, 899 F.2d at 646 (quoting *Streetman v. Lynaugh*, 674 F. Supp. 229, 234 (E.D. Tex. 1987)) (citation modified).

[7] *Denton v. Suter*, No. 3:11-cv-2599-N, 2013 WL 5477155, at *2 (N.D. Tex. Oct. 2, 2013) (Horan, M.J.) (quoting *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. 1981)) (citation modified).

[8] *White, v. BAC Home Loans Servicing, LP*, No. 3:09-CV-5484-G, 2010 WL 2473833, at *3 (N.D. Tex. June 15, 2010) (Fish, J.) (citing authority).

[9] *See* R. Docs. 1 & 78.

[10] R. Doc. 166.

has been extensive motion practice and hearings. Understandably, in such a significant and complex case, preparation and attendance at those hearings takes up counsel's (and the Court's) time. With that said, we are now on the eve of a trial setting which has been set since July 31, 2025.[11] Now, with one month until the trial setting, counsel files this Motion.

The defendant has an absolute right to counsel in this matter. To that end, the Court is well aware of counsel's competence and abilities firsthand, as well as by virtue of having been accepted as a member of the Criminal Justice Act panel. Further, there is no indication of any breakdown in communication. Instead, counsel's reasons for seeking withdrawal lie simply with her large private practice caseload. The fact that counsel's practice is so large is commendable, but that does not form the basis for allowing withdrawal from CJA representation of a complex case and attempting to secure additional representation at this late date. At the very least, if the Court were to grant this Motion, it would require new counsel to enroll and "get up to speed" in a complex case that has been pending for over one year, thus causing significant delay and disruption. While counsel suggests that the "ends of justice" would best be served by permitting withdrawal, the Court finds otherwise—namely, that the administration of justice is best served by denying this Motion. The defendant is well represented by very able counsel and the Court is confident that that very able representation will continue.

---

[11] R. Doc. 368.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Withdraw and Appoint New Counsel[12] is **DENIED**.

New Orleans, Louisiana, February 4, 2026.

*Wendy B Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[12] R. Doc. 602.